# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SHAUNTA C. SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.: 2:09-CV-2536-VEH |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner,** | ) |
| **Social Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

Plaintiff Shaunta C. Smith ("Ms. Smith") brings this action pursuant to 42 U.S.C. § 1614(a)(3)(A) of the Social Security Act. She seeks review of a final adverse decision of the Commissioner of the Social Security Administration (the "Commissioner" or "Secretary"), who denied her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI").[1] Ms. Smith timely pursued and exhausted her administrative remedies available before the

---

[1] In general, the legal standards applied are the same regardless of whether a claimant seeks DIB or SSI under the Social Security Act. However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

Commissioner. The case is ripe for review pursuant to 42 U.S.C. § 405(g), § 205(g) of the Social Security Act.[2]

## FACTUAL AND PROCEDURAL HISTORY

Ms. Smith was 28 years of age at the time of the hearing before the administrative law judge (hereinafter "ALJ"). (Tr. 59). She completed the ninth grade. (Tr. 288). She has previously worked as cashier, stocker, and fast food worker. (Tr. 268-70, 289-90).

Ms. Smith claims that she has been unable to work since October 30, 2001, due to leg pain as a result of a gunshot wound when she was a child and scoliosis. (Tr. 270-72, 277). At the hearing, Ms. Smith stated that she could not stand for longer than 10 to 15 minutes because her right leg, which sustained the gunshot wound, goes numb and gives out on her. (Tr. 270-71). Ms. Smith also stated that she has constant pain in her back which prevents her from sitting or standing for long periods of time. (Tr. 271-72).

Ms. Smith attempted to work 24 to 28 hours a week at a gas station as a cashier from November 2006 to February 2007. (Tr. 268-69). She testified that she was fired because she was unable to do the work. (Tr. 269).

---

[2] 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

Ms. Smith protectively applied for DIB and SSI on October 12, 2005. (Tr. 15). This application was denied by the Commissioner on December 13, 2005. *Id*. Ms. Smith filed a written request for a hearing by an ALJ on January 23, 2006. *Id.* A hearing was held on March 3, 2008. *Id*. The ALJ subsequently denied Ms. Smith's application on September 2, 2008. (Tr. 35). On September 18, 2008, Ms. Smith filed a request for review of the ALJ's decision. (Tr. 10). The Appeals Council denied her application for review on October 19, 2009. (Tr. 4).

Ms. Smith filed a complaint with this court on December 17, 2009, which asks for a judicial review of the ALJ's decision. (Doc. 1). On May 19, 2010, Ms. Smith filed a brief (Doc. 11) in support of her appeal, and on July 8, 2010, the Commissioner followed with his responsive brief. (Doc. 13). This court has carefully considered the record and, for the reasons stated below, reverses the decision of the ALJ.

## STANDARD OF REVIEW

The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales,* 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by

substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id*.

## **STATUTORY AND REGULATORY FRAMEWORK**

To qualify for disability benefits and establish her entitlement for a period of disability, a claimant must be disabled as defined by the Social Security Act and the Regulations promulgated thereunder.[3] The Regulations define "disability" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a). To establish an entitlement to disability benefits a claimant must provide evidence about a "physical or mental impairment" which "must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 404.1508.

---

[3] The "Regulations" promulgated under the Social Security Act are listed in 20 C.F.R. Parts 400 to 499, as current through February 17, 2011.

The Regulations provide a five-step process for determining whether a claimant is disabled. 20 C.F.R. § 404.1520(a)(4)(i-v). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;
(2) whether the claimant has a severe impairment;
(3) whether the claimant's impairment meets or equals an impairment listed by the Secretary;
(4) whether the claimant can perform her past work; and
(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir. 1993) (citing to former applicable C.F.R. section), *overruled on other grounds by Johnson v. Apfel,* 189 F.3d 561 (7th Cir. 1999); *accord, Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope*, 998 F.2d at 477; *accord*, *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). The Commissioner must further show that such work exists in the national economy in significant numbers. *Phillips*, 357 F.3d at 1239.

## **FINDINGS OF THE ADMINISTRATIVE LAW JUDGE**

The ALJ concluded that Ms. Smith has not engaged in substantial gainful activity after the alleged onset of her disability on October 30, 2001. (Tr. 34). Additionally the ALJ found Ms. Smith had the severe impairments of chronic back and right ankle pain. (Tr. 29). The ALJ determined that these impairments, when considered individually or in combination, did not meet or equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id*.

The ALJ then evaluated Ms. Smith's residual functional capacity, and found she retains "the residual functional capacity to perform sedentary work as defined in Social Security Rules and Regulations which allows occasional bending, stooping, climbing, no right lower extremity pushing or pulling, no driving[;] a temperature controlled environment; no unprotected heights and her to sit or stand at her option."[4] (Tr. 32). The ALJ determined that Ms. Smith could still perform sedentary work even

---

[4] The Regulations define sedentary work as:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

if required to use a cane.  *Id.*

The ALJ determined that Ms. Smith is unable to return to her past relevant work as a cashier/stocker and fast food worker.  (Tr. 34).  Factoring in the Medical-Vocational Guidelines as a framework, and relying upon testimony from the vocational expert, the ALJ concluded that, although Ms. Smith's exertional limitations do not allow her to perform the full range of sedentary work, there are a significant number of unskilled sedentary jobs in the national economy that she could perform.  *Id*.  Examples of such sedentary jobs include cashier/attendant, telemarketer, and inspector.  *Id*.  Accordingly, the ALJ concluded Ms. Smith was not disabled as defined by the Social Security Act, and denied both her DIB and SSI claims.  (Tr. 34-35).

## **ANALYSIS**

This court is limited in its review of the Commissioner's decision in that the Commissioner's findings of fact must be reviewed with deference.  *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) (citing *Graham v. Bowen*, 790 F.2d 1572, 1574-75 (11th Cir. 1986)).  In contrast to factual findings, however, the Commissioner's conclusions of law are subject to an "exacting examination" or *de novo* review.  *See Martin*, 894 F.2d at 1529 ("The Secretary's failure to apply the correct legal standards or to provide the reviewing court with sufficient basis for a

determination that proper legal principles have been followed mandates reversal.") (citations omitted).  In particular, this court has a "<u>responsibility to scrutinize the record in its entirety</u> to ascertain whether substantial evidence supports each essential administrative finding." *See Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) (emphasis added).

Ms. Smith argues that the ALJ's decision is not supported by substantial evidence. (Doc. 11 at 2).  More specifically, Ms. Smith asserts that the ALJ did not articulate the weight he accorded the Physical Capacity Evaluation or the Clinical Assessment of Pain completed by Dr. Mark Wilson on March 27, 2008.[5] *Id.* at 8. The Commissioner argues that the ALJ was not required to specifically discuss Dr. Wilson's March 2008 opinion, and that any error is at most harmless error. (Doc. 13 at 8).  In its review, the court finds that the ALJ's decision is due to be reversed and remanded.

---

[5] The ALJ did address Dr. Wilson's opinion of February 5, 2008, stating that he gave "no significant weight" to Dr. Wilson's opinion because it appeared to be based primarily on Ms. Smith's subjective complaints and was not corroborated by independent objective evidence. (Tr. 31).

**I.** **THE ALJ'S RESIDUAL FUNCTIONAL CAPACITY DETERMINATION THAT MS. SMITH CAN PERFORM A REDUCED RANGE OF SEDENTARY WORK IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.**

The Eleventh Circuit recently addressed the weight that the ALJ must give to medical opinions[6]:

> [T]he ALJ must state with particularity the weight given to different medical opinions and the reason therefor. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). Therefore, when the ALJ fails to "state with at least some measure of clarity the grounds for his decision," we will decline to affirm "simply because some rationale might have supported the ALJ's conclusion." *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984) (per curiam). In such a situation, "to say that [the ALJ's] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Cowart*, 662 F.2d at 735 (quoting *Stawls v. Califano*, 596 F.2d 1209, 1213 (4th Cir. 1979)) (internal quotation omitted).

*Winschel v. Comm'r of Soc. Sec.*, No. 10-10620, 2011 WL 198372 at *2 (11th Cir. Jan. 24, 2011).

On March 27, 2008, Dr. Wilson completed a Physical Capacities Evaluation

---

[6] "Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions." 20 C.F.R. § 202.1527(a)(2).

9

form on behalf of Ms. Smith. (Tr. 234-35). The form instructed Dr. Wilson to complete the questions based on his clinical evaluation of Ms. Smith and other testing results. (Tr. 234). Dr. Wilson noted on the form that Ms. Smith could lift ten pounds occasionally or less frequently, she could sit for a total of four hours in an eight hour day and stand and walk combined for one hour. *Id*. Dr. Wilson stated that he did not think Ms. Smith needed a prosthesis or leg brace but she might need something to help take the pressure off her right ankle/foot and that he had referred her to orthopedics. *Id*. Dr. Wilson reported that Ms. Smith could never perform pushing and pulling movements, climb or balance, operate motor vehicles, or work around hazardous machinery. (Tr. 235). Dr. Wilson noted that Ms. Smith could occasionally bend, stoop, and reach. *Id*. Dr. Wilson also completed a Clinical Assessment of Pain on behalf of Ms. Smith on March 27, 2008. (Tr. 236-37). Dr. Wilson noted that Ms. Smith's pain was present and found to be intractable and virtually incapacitating and that physical activity, such as walking, standing, bending, stooping, and moving of extremities, would increase her pain to such an extent that bedrest and/or medication would be necessary. (Tr. 236). Dr. Wilson stated that Ms. Smith has an underlying medical condition consistent with the pain she experiences. (Tr. 237).

   The Commissioner does not dispute that the Physical Capacities Evaluation and the Clinical Assessment of Pain completed by Dr. Wilson on March 27, 2008,

constitute a medical opinion. (Doc. 13 at 8). The Commissioner argues that while the ALJ did not specifically discuss Dr. Wilson's March 2008 opinion, this does not mean that the evidence was not considered, pointing to the ALJ's statement that he had considered "all the evidence." (Doc. 13 at 8-9, Tr. 33). Because the forms are medical opinions, the ALJ was required to state with particularity the weight given to them. *Sharfarz*, 825 F.2d at 279; *Winschel*, 2011 WL 198372 at *2. This requirement applies regardless of the status of the physician as a treating or non-treating physician. *See id.* Although it is possible that the ALJ considered and rejected Dr. Wilson's March 2008 opinions, in the absence of clearly articulated grounds for such a rejection, the Court cannot determine whether the ALJ's conclusions were rational and supported by substantial evidence. *Winschel*, 2001 WL 198372 at *2.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision is not supported by substantial evidence. Accordingly, the decision of the Commissioner will be remanded by separate order.

**DONE** and **ORDERED** this the 1st day of March, 2011.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge